Our last case today is case number 5100518 Sledge v. Sledge for the Appellant John Smith for the Appellee Christopher Daniels, Mr. Smith. May it please the Court. Good afternoon. My name is John Smith, and together with Philip Rarick of counsel at my firm, we represent the Plaintiff Appellant Irene Sledge. This appeal centers on a question of statutory interpretation, specifically 5-13-209b, which governs the procedure for when a person against whom an action may be brought dies before suit is filed and before the applicable statute of limitations period expires. Because this matter arises out of the trial court's interpretation of 209b, the standard of review here is de novo. This matter originally arose out of a single car accident. The Plaintiff, Irene Sledge, timely filed suit, but inadvertently named her deceased husband as the defendant. I'll be up front. This was an oversight. I'm not sure how it happened, but it did happen. But I would also like to point out that there was no prejudice here. The insurance company knew at all times, and in fact paid medical payments on the underlying insurance policy. In dismissing Ms. Sledge's complaint, the trial court held that B-1 and B-2 must be read together so that the six month limitation period contained in B-1 applied to bar a plaintiff's claim brought under B-2. On appeal, we argue that B-1 and B-2, 209b-1 and 209b-2, are separate and distinct clauses, and that as a result, the six month limitation period contained in B-1 does not apply to bar a plaintiff's claim brought pursuant to B-2. Counsel, I don't understand how B-2 has anything to do with this case, because the motion for the special representative was brought under 735 ILS 5 Stroke 2108 B-2. Although it was technically brought under that, because the defendant is being passed away before suit was filed, it should have been labeled as being brought under 209b-2. It wasn't only your motion, but the order itself appoints the special representative under 5 Stroke 2108. Shouldn't that matter to this court? I would argue that that essentially would be elevating form over substance, because in virtually every way, the notice requirements, other than being labeled 1008 versus 209b-2, they're the same. And procedurally, the decedent here did pass away before suit was filed. As a result, the Gatti case indicates that it should have been brought under B-2. Our position, though, on appeal is that the six-month limitation period is isolated within B-1, and it does not apply to B-2. We argue this is evidenced by this court's decision in Augustus v. The Estate of Somers, specifically Justice Cook's dissent in that case, followed by the proposed and ultimate amendment of 209b to add section 209b-2 to it. The proposed amendment occurred less than six months after Justice Cook's dissent in Augustus. Our research indicates that this is a matter of first impression for the court, and the cardinal rule of statutory interpretation is to ascertain and give effect to the intent of the legislature. Where the statutory language is ambiguous, as the case is here, the court, in construing that language, may look beyond the statutory language and look at the underlying purpose or policy of the statute. In construing the statute, they should also assume that the legislature acted rationally, that it did not intend to produce an unjust result, and that it acted with full awareness of both prior implementations of the statute and of judicial construction and interpretation of that statute. Where a court, in construing a statute, expresses concern over a statute, and then the legislature subsequently amends the statute, a court, in construing that amendment, can assume that the legislature acted in furtherance or acted to address the previous court's ruling. In the Augustus case, which was decided in February of 2006, this court addressed a case with virtually identical facts. In it, the plaintiffs filed suit and inadvertently named, as a defendant, a deceased person. At the time of the Augustus decision, though, 209b-2 did not exist. The statute 209b contained what is now 209b-1. In it, this court ultimately dismissed the plaintiff's cause of action, but in doing so, Justice Cook wrote a dissent for it. And he noted that when a defendant dies prior to suit being filed, complications arise. And just by researching this case, judging by the case law and the frequent amendments to the statute, it seems like complications frequently arise under these facts. He further noted that 209b and 209c, along with the relate-back amendment, which is 2616b, he noted that the underlying policies of those statutes are to be saving statutes, to protect claims against loss by technical rules of pleadings. Now, in the Augustus case, as in this case, the plaintiffs filed suit more than six months after the deceased had passed away. As a result, in Augustus, 209b did not apply, as in this case, 209b-1 does not apply. So Justice Cook argued that 209c should be extended to save the claim in Augustus. Now, 209c specifically states in it that it applies when a plaintiff files suit against a person it did not know was deceased, but it turned out they had passed away. Justice Cook argued that that was a descriptive term. It wasn't meant to be a rigorous substantive requirement. But this court held that the expressed language in 209c barred the claim. But even the majority in dismissing the case recognized that these cases often elevate form over substance. But because, in Augustus, 209b did not apply and 209c did not apply, they had no choice but to dismiss the case. Now, less than six months after the Augustus decision, the legislator, the legislature, proposed an amendment and ultimately did amend 209b by adding section 209, what is now 209b-2. They essentially created two alternatives. 209b-1, which represented the statute as previously written. 209b-2 created the option to pursue a claim for the proceeds of liability insurance protecting the estate against a special representative. This allowed both for the preservation of a plaintiff's claim, which is the public policy of a savings statute, but it also allowed for the protection of the estate's assets by limiting the claim to the proceeds of liability insurance protecting it. As stated earlier, when a court expresses concern over a statute and construing it, and then the legislature subsequently amends the statute in close proximity, a court construing that amended statute can assume that the legislature acted to address the concern of the prior court's ruling. Here, the proximity of Justice Cook's dissent in Augustus to the legislature amending 209b to add 209b-2 allows this court to presume that the legislature amended the statute because of Justice Cook's dissent. This interpretation would have acted to save the Augustus plaintiff's case and it would serve to save Ms. Sledge's case in the current matter. This interpretation proves entirely consistent with the public policy underlying 209b and 209c, which is to protect claims against loss by reason of technical pleadings requirements. This is evidenced by 209 being repeatedly amended to broaden, not constrain it. 209c was added as a result of the Baum decision. Personal representative replaced the more narrow executor or administrators to broaden the statute. After death, replaced after letters of administration to broaden, not narrow the case. And now we argue that 209b-2 was added as a result of the Augustus case to protect claims like the current one, where a plaintiff inadvertently files against a deceased person. Thank you. Thank you. You'll have rebuttal. Mr. Daniels. Thank you, Your Honor. May it please the court and counsel, my name is Chris Daniels and I represent the special administrator in this matter. Your Honor, as I sat here and listened, I understood what we were talking about as the 209b-2 being something that is separate and distinct from b-1. But as it was indicated in the original order, as it was indicated in the trial court level, that b-1 is something that has existed from the original inception of the statute. As 209b back in the way it originally was, it wasn't changed, it just added b-2 to it. And b-2 didn't do anything related to the statutes of limitation, any type of prescription for filing. It did nothing regarding that, it only created a procedure for someone to appoint a special representative and that special representative would then, if a special representative has not already been appointed, would then go on and defend the case. That's the purposes of b-2. With the case law as it was, it has changed over time. And as the Augustus Court pointed out, the case law changed because Vaughn was decided. When Vaughn was decided, then C was added to address what the issues came up in Vaughn. And then of course, that in Vaughn matter, that was whenever they were unaware that the person had died. In this case, of course, you know the facts that they were husband and wife, so it's clear that this has to fall under b. Whether or not b-1 and b-2 gets read together is the real issue here today. So therefore, whenever the Augustus Court pointed that out, said well, Vaughn was decided. Whenever Vaughn was decided, it then of course brought us into a situation where we have to determine whether or not, then C was added rather. And then once we got to the point where we're dealing with somebody who was aware of the death, aware of the passing, then we have to decide whether or not there's something that would prohibit this from continuing on. Augustus was decided correctly because they decided at that time based upon identical length. If you look at the old b and the new b, which I'm looking at here, the new b-1 is the identical language to the old b. Since we're dealing with a situation where the old b uses identical language to the new b-1, and the only thing that changed was the addition of 2, which was a procedure for appointing a special representative and nothing dealing with any type of lengthening the statutes of limitation or otherwise allowing for additional time to file as b-1 allows, then of course the precedent that we're talking about here that ruled based upon b, 209b, should not be just thrown out. So therefore, Augustus has a lot of bearing on this case. You already know the facts. The accident happened on June 11th of 06, complaint filed June 10th of 08 against Mr. Sledge. He had passed on June 21st of 06, and that's important because he passed about 10 days after the accident originally happened. So to address the other arguments about whether the probate act would in some way save this as well, they're even outside the time periods for that because the amended complaint in this matter, a motion to amend the complaint was not filed until June 11th of 2010, almost 4 years after the accident. So even looking at anything related to the probate act, that would not save this because probate act clearly says that you have 2 years to file it. And also Vaughn indicated that the 1812 would not work to save a statute of limitation. It only, under the probate act, it only allows for claims against the estate that do not relate to additional statutes of limitation. Augustus pointed out specifically, and they made it very succinct, they said if you interpreted as it was proffered that that be, the statutory language related to what we're talking about here, if that was to be open-ended, it said it would theoretically place no time limit on bringing a suit because a plaintiff could at any time after the statute of limitations had run, seek to add a defendant under this section. And quite honestly, whenever you look at it under statutory construction, you're supposed to have no absurd results. And that would be the result. If we were to go as the appellant here indicates, we would have an absurd result because it places no time limit on it. The argument is of course that while the probate act does put the time limit on it, that again creates a problem for the appellant because of the fact that those time periods have already passed even before a motion to, in this specific complaint, was filed. So that's inappropriate to apply to the discussion in this specific case. Your Honor, it's very clear, statutory construction, at least I'm going to say it's very clear from my perspective, the statutory construction in this matter shows that 209B1 sets the time frame. It gives you an extra six months. It gives you an extra six months. It does allow something to allow you an extra six months. That time frame was in effect before Augustus. That time frame was in effect back in Vaughan. That time frame hasn't changed up through today. Two was only added for the purpose of setting forth a procedure for the plaintiff to then name a special administrator to proceed and defend the case. It does not do anything at all. From the way I'm reading it, if I'm reading it correctly, from the way I'm reading it, it doesn't do anything at all to add any additional times beyond what B1 would be, B1 would allow. So B1 and B2, as the trial judge indicated, Judge Neubauer had a lengthy decision, well thought out. He indicated that this would just not be a logical reading of this statute, a clear and precise reading. You don't have to go back in legislative intent where you have a statute that's very clear. And in this matter, the statute's very clear. B1 controls the time. B2 is specifically for the procedure. Thank you, Your Honors. Counsel, I have a question for you. Why couldn't this court utilize relation back under 2-616, the procedure code? The Vaughn case addressed that, I believe, and they said whenever you file against an entity that doesn't exist, it's a nullity. So once it's a nullity, then there's no relation back to that nullity. If there's a relation back to that nullity, you, well, that's what it says. It says you can't relate back. It's just something that's a nullity and you can't relate back to that. Relation back, you have to require it under 2-616, satisfying several aspects. If there are certain requirements under 2-616 and the Supreme Court found that those requirements weren't met, what if they're met here? Why can't it relate back, the proposed amended complaint? They're not. If they're met, if they're met here, then, of course, they would be. But the problem is, and I believe there's a case that talked about inadvertence of knowledge versus inadvertence and delay of execution upon knowledge you already had. They said those are two distinct things. You can't have where it's inadvertence of knowledge, that's okay. You say, okay, well, I didn't realize his name was spelled the way it was spelled, so I need to rename that. That's a misnomer because that's an inadvertence of knowledge. Inadvertence of execution, on the other hand, is I knew their name. Obviously, in this case, I knew their name, husband, wife. But, therefore, whenever you have an inadvertence of failure to execute, failure to follow the procedure that is clearly articulated in the statute, then relation back does not apply under 2-616. The title, please. We argue that it would have been a very simple matter for the legislature, and when they amended the statute to add 209B to, it would have been a very simple act to include the six-month limitation period in the introductory paragraph or to include it in B-2, but it didn't. The legislature chose to isolate that limitation period in B-1. Also, 209C predated 209B-2. And 209C already spoke to a period of repose for actions brought pursuant to actions for the proceeds of liability insurance covering the estate. And furthermore, in both the probate code and in 209B and 209C, anytime the claim is being brought, sorry, anytime the claim is being limited to the proceeds of liability insurance, it's also, the statute is also being extended for it. In 209C, for example, C-4 allows you to have a two-year limitation period beyond the original limitations period in it, because it's being limited to the proceeds of liability insurance. If you wanted to sue for the estate's assets itself, not liability insurance, but the assets of the estate, in 209C you have six months to serve and amend your complaint. But when you're going after liability insurance covering the estate, the limitations period is extended. And this is similar to the probate code, where the applicable probate code doesn't even apply to bar the proceeds of liability insurance. And I believe that's in subsection C of the probate code, 755 ILCS 5-18-12, which states this section does not bar actions to establish liability of the decedent to the extent the estate is protected by liability insurance. So the legislative history here of both the probate code and 209 is that when you're going after liability insurance, not the estate's assets, you have a longer period to file. And I would also like to address the concern expressed by the defendant here. First, practically speaking, the fear of an open-ended statute of limitations if you accept our reading of 209B-2, really doesn't have any practical implications. These cases, as Justice Cook wrote in dissent, these cases virtually always arise when plaintiffs file suit before the limitations period. And only after the limitations period expires, the defendant files a motion to dismiss. This isn't a case where, these aren't cases where we're sitting on our hands. They're cases where we do attempt to properly file suit, but for whatever reason, oversight, mistake, inadvertence, something happens along the way. Now, secondly, 209C speaks, as I stated earlier, gives a repose period here for actions filed against the proceeds of liability insurance, which is two years beyond the original limitation state, which we believe should apply in the current case. In conclusion, we ask that the trial, we ask the court to overturn the trial court's decision and remand this action for further proceedings. Okay, thanks to both of you. The case is submitted and the court stands in recess until further call.